Eastern District of Kentucky
F I L E D
AUG 15 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:22-cr-48-REW

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

CHADWICK RAY     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the single count of the Information, charging a violation of 18 U.S.C. §§ 371, 922(a)(3), and 924(a)(1)(D), conspiracy to transport firearms interstate.

2. The essential elements of the single count of the Information are:

   (a) Two or more person conspired, or agreed, to commit the crime of transporting firearms interstate, that is, the willful receipt into a state in which a person resides a firearm that such person, not being licensed to deal or import firearms, purchased or otherwise obtained outside the person's state of residence; and

   (b) The defendant knowingly and voluntarily joined the conspiracy; and

   (c) A member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

3. As to the single count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) From approximately July 2020 to April 2021, the Defendant conspired with K.G. and J.S. to buy, sell, and transport firearms, with the ultimate object of the conspiracy being to transport firearms acquired in the Eastern District of Kentucky to a co-conspirator (referenced in the Information as "CC") in Illinois. Among the Defendant, K.G., J.S. and CC, none possessed a license to deal or import firearms.

(b) The Defendant repeatedly coordinated with K.G. to acquire and sell to K.G. the types of firearms that CC desired, knowing that the firearms would be resold and transported to CC in Illinois, a location he knew to have high demand for black-market firearms. The Defendant coordinated with J.S. to transport firearms from the Defendant to K.G.

(c) Knowing his agreement with K.G. to acquire firearms for ultimate transport to Illinois was unlawful, the Defendant acquired most the firearms via flea markets or private sellers (as opposed to purchasing from a holder of a Federal Firearms License) to avoid having his name registered as the purchaser of firearms that would ultimately be recovered by law enforcement in Illinois.

(d) One of the overt acts the Defendant and his co-conspirators committed in furtherance of this conspiracy was to sell a Smith & Wesson M&P 45 pistol bearing serial number DSY8948 to K.G. and to coordinate to have J.S. pick up that pistol from the Defendant in Pulaski County on or about November 12, 2020. Law enforcement recovered that pistol from a suspect arrested in a Chicago suburb on November 16, 2020.

(e) Another overt act the Defendant and his co-conspirators committed in furtherance of this conspiracy was to sell a Springfield XD9 pistol bearing serial number BY529416 to K.G. on or about March 8, 2021 and to provide that pistol to J.S. on or about March 9, 2021. Law enforcement recovered that firearm after it was used in a shooting in Minneapolis, Minnesota.

4. The statutory punishment for the single count of the Information is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the

Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The most recent version of the United States Sentencing Guidelines (U.S.S.G.) manual at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2K2.1(a)(7), the base offense level is 12.

    (c) Pursuant to U.S.S.G. § 2K2.1(b)(1)(C), increase the offense level by 6 levels because the offense involved between 25 and 99 firearms.

    (d) Pursuant to U.S.S.G. § 2K2.1(b)(5), increase the offense level by 4 levels because the Defendant engaged in the trafficking of firearms.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing

3

with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend at his change-of-plea hearing that the Defendant be released on conditions, including but not limited to the Defendant's agreement to not possess firearms, for future court appearances.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation

or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/15/2022     By: _____
                         Gregory Rosenberg
                         Assistant United States Attorney

Date: 7·15·22       _____
                         Chadwick Ray
                         Defendant

Date: 7-15-22       _____
                         Brandon Storm
                         Attorney for Defendant

6